**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEP 27 2005

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

MATTHEW J. DYKMAN
CLERK

v.

Civ. No. 05-0771 MCA/RLP
Cr. No. 03-1651 MCA

ARMANDO GONZALES,

    Defendant/Movant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2255. Mr. Gonzales is represented by counsel. On February 4, 2004 Mr. Gonzales pled guilty to Count I of the indictment brought against him. As stated in his § 2255 Motion to Vacate, Set Aside, or Correct Sentence, Mr. Gonzales' sentence was based on an offense level of 27, which included a two-point upward adjustment due to possession of a firearm.

2.    Mr. Gonzales argues that he should not have received the two-point upward adjustment to his sentence and that he asked his attorney to appeal or move for reconsideration of his sentence, which was not done. Second, he states that he believes counsel in the criminal proceeding was suspended from the practice of law during the time that he represented Mr. Gonzales. As to the latter point, Mr. Gonzales states that he is merely "preserving" this issue without identifying any grounds.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.



3. The court construes these arguments as alleging that counsel was ineffective for failing to appeal the two-point upward adjustment. To prevail on this claim, Mr. Gonzales must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 & 690 (1984). If the issue that was not appealed is without merit, the failure to raise that issue does not constitute ineffective assistance. *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

4. On June 8, 2004 the district court held an evidentiary hearing concerning whether the evidence was sufficient to support the two-point upward adjustment of Mr. Gonzales' sentence. Mr. Gonzales argued that the residence was not his, that the police photographs did not show a gun, and that the police report he had did not mention a gun. Detective Gerald Solano was called to the witness stand and testified that paraphernalia located at the scene identified the searched room as containing items belonging to Mr. Gonzales.

5. Specifically, several cartoon character "Goofy" items were in the bedroom and Mr. Gonzales also went by the name of Goof. Transcript of Sentence Hearing, June 8, 2004 ("Tr.") at 14 & 17. Paperwork belonging to Mr. Gonzales was also found in the bedroom. Tr. at 14, 16, & 17. The gun was found in the desk where cocaine and other drug paraphernalia was located in a cooler under the desk. Tr. at 14-17; Tr. at 22. Detective Solano stated that he was not the police photographer and did not know why the gun was not photographed, but he testified that the gun was in the desk and that it was loaded. *Id.*

2

6. Under cross-examination, Detective Solano was asked why his report did not identify a loaded .45 caliber Smith & Wesson found at the crime scene. Tr. 23-24. During this questioning it became apparent that Mr. Gonzales was referring to one report and Detective Solano to another report. Tr. 24-27.

7. The district court found that the Government had met its burden of proof on establishing that a loaded firearm was present:

> I find that the testimony presented here this afternoon from Officer Gerald Solano was credible. He viewed the weapon, saw it in the drawer, he was part of the surveillance of the apartment initially that was eventually associated with the defendant. He participated in the execution of the search warrant, actually one of the first people to arrive at the time that the search warrant was executed. The fact that the photos presented here through discovery and presented to the defendant do not display the weapon itself, in my view, is not dispositive in light of all of the other evidence, including the testimony of the officer that the weapon was located there, the cocaine was located inside a cooler, and that was in an area [p]roximate to the desk, again clearly associated, by virtue of the belongings and things that were in the room, with the defendant . . . .

Tr. at 44-45.

8. Based on the foregoing record, the court finds that Mr. Gonzales could not have prevailed on appeal and therefore he has failed to meet the prejudice prong of *Strickland, supra*. The district court held a hearing on the issue, heard testimony, and made findings and conclusions supported by the evidence.

9. Further, to the extent it is in issue in this case, the Government has supplied the court with evidence from the New Mexico State Supreme Court, indicating that counsel

for Mr. Gonzales was not suspended from the practice of law at the time he represented Mr. Gonzales. *See* Addendum to United State's Response to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 5] and Exhibit 1 thereto.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

4